UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEVEN ROBERTS,

                         Plaintiff,

                                          06 CIV. 5966 (GEL)

         -against-


AIG GLOBAL INVESTMENT CORP., et. al.,

                      Defendants.
-------------------------------------------------------------X

## PLAINTIFF'S REQUEST FOR CHARGE


      Plaintiff, Steven Roberts, by and through his attorneys, Beranbaum Menken Ben-Asher & Bierman LLP, respectfully requests that in addition to the standard charge, the Court include the following in its charge to the jury:


### PLAINTIFF'S REQUEST NO. 1: Nature of FMLA Claim

      In this case, the plaintiff, Steven Roberts, claims that the defendants violated a federal law known as the Family and Medical Leave Act, or "FMLA," as it is commonly called. Specifically, Mr. Roberts claimed that he was entitled to time off work under the FMLA, and that AIG interfered with, restrained or denied him his right to time off.


Authority: 29 U.S.C. § 2612(a)(1)

<u>PLAINTIFF'S REQUEST NO. 2: Nature of FMLA Claim</u>

The FMLA entitles eligible employees to take up to twelve weeks of leave during any twelve-month period for a "serious health condition" (defined herein).  The FMLA also makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by the FMLA.


<u>Authority</u>: 29 U.S.C. § 2601; 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 82.220(b)

<u>PLAINTIFF'S REQUEST NO. 3: Proof Required</u>

In order to prevail on his claim under the FMLA, Mr. Roberts must prove each of the following facts by a preponderance of the evidence:

1.    He was an "**eligible employee**" under the FMLA;

2.    AIG was an **employer** under the FMLA;

3.    He was **entitled to leave** under the FMLA;

4.    He gave **notice** to AIG of his intention to take leave; and

5.    He was **denied benefits** to which he was entitled under the FMLA.

You are instructed that Mr. Roberts was an eligible employee, that AIG was an employer under the FMLA, that Mr. Roberts was entitled to leave under the FMLA, and that Mr. Roberts gave proper notice of his intention to take leave. The only disputed issue is whether Mr. Roberts was denied benefits to which he was entitled under the FMLA

<u>Authority</u>:    29 U.S.C. § 2615(a)(1)
*Brown v. Pension Bds.*, 488 F.Supp. 2d 395, 408 (S.D.N.Y. 2007), citing *Garraway v. Solomon R. Guggenheim Found.* 415 F.Supp. 2d 377, 382 (S.D.N.Y. 2006).
September 29, 2008 Summary Judgment decision, p. 7-8.

PLAINTIFF'S REQUEST NO. 4: "Serious Health Condition" Defined

A "serious health condition" means an in illness, injury, impairment or physical or mental condition that involves continuing treatment by a health care provider.


Authority:     29 U.S.C. § 2611(11); 29 C.F.R. § 825.114; 29 C.F.R. § 825.115

<u>PLAINTIFF'S REQUEST NO. 5</u>: Denial of Benefits

  If you find that AIG fired Mr. Roberts for absenteeism or poor performance, when that absenteeism or poor performance was caused by the serious health condition requiring Mr. Roberts to request FMLA leave, you must find that AIG denied Mr. Roberts FMLA benefits to which he was entitled.

  Alternatively, if you find that AIG discouraged Mr. Rogers from taking leave by encouraging or requiring him to start his leave at a later date than requested, you must find that AIG denied Mr. Roberts FMLA benefits to which he was entitled.

<u>Authority:</u>  *Miller v. Defiance Metal Products,* 989 F.Supp. 945, 945 (N.D.Ohio1997); *Caruthers v. Evanston Northwestern Healthcare Corp.,* 458 F.Supp. 2d 696, 702 (N.D.Ill. 2006); *Dodaro v. Village of Glendale Heights,* 2003 Wl 1720030, *8, 2003 U.S. Dist. LEXIS 5056, *28, 01 C 6396 (N.D.Ill. March 31, 2003)

    *Shtab v. Greate Bay Hotel and Casino*, 173 F.Supp. 2d 255, 267 (D.N.J. 2001); *Arban v. West Pub. Corp.*, 345 F.3d 390, 402 (6th Cir. 2003)

    *Golden v. New York City Dept. of Environmental Protection,* 2007 WL 4258241 (S.D.N.Y. Dec.03, 2007); *See Avila-Blum v. Casa de Cambio Delgado, Inc.,* 519 F.Supp.2d 423, 429 (S.D.N.Y.2007). (Discouragement Theory)

    Summary Judgment decision, p. 11.

PLAINTIFF'S REQUEST NO. 6: Intent

In this case, it does not matter whether AIG intended to violate the FMLA.  If AIG

denied Mr. Roberts a right to which he was entitled under the FMLA, then AIG is liable, and Mr.

Roberts should prevail.


Authority:    *King v. Preferred Technical Grp.*, 166 F.3d 887, 891 (7 th Cir. 1999); *see also*
              *Hodgens v. General Dynamics Corp.,* 144 F.3d 151, 159 (1 st Cir. 1998)

<u>PLAINTIFF'S REQUEST NO. 7: General Damages</u>

If you find for Mr. Roberts on his FMLA interference claim, then AIG is liable to Mr. Roberts for damages equal to the amount of any wages, salary, employment benefits, or other compensation Mr. Roberts lost because of the violation, as well as interest on that amount.

<u>Authority</u>:      29 U.S.C. § 2617(a)

<u>PLAINTIFF'S REQUEST NO. 8: "Employee Benefits" Defined</u>

The term "employment benefits" means all benefits provided or made available to employees by an employer, including group life insurance, health insurance, short and long term disability insurance, sick leave, annual leave, educational benefits and pensions, regardless of whether such benefits are provided by a practice or written policy of an employer or through an "employee benefit plan."

<u>Authority</u>:       29 U.S.C. § 2611(5)

<u>PLAINTIFF'S REQUEST NO. 9: Liquidated Damages</u>

Mr. Roberts is entitled to "liquidated damages" equal to the amount of damages awarded

for lost compensation plus interest unless AIG proves, by a preponderance of the evidence, that

their violation of the FLSA was in good faith and AIG had reasonable grounds for believing it

was not violating the FLSA.

<u>Authority</u>:      29 U.S.C. § 2617(a)(1)(A)(iii)

<u>PLAINTIFF'S REQUEST NO.10: General Damages</u>

If you find that the Defendants are liable to Mr. Roberts, and that Mr. Roberts is entitled to damages, you should decide on the amount of damages to which Mr. Roberts is entitled based on the above-described instructions. You should not consider external factors, such as AIG's recent bailout by the federal government or any speculative impact a damage award might have on taxpayers.